United States District Court
Southern District of Texas
**ENTERED**
October 26, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NUSTAR ENERGY SERVICES, INC.,** § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-3648 |
| § | |
| **M/V COSCO AUCKLAND, IMO NO.** § | |
| **9484261,** *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Defendants, four COSCO vessels, have sought interpleader relief from this Court and have named ING Bank as a Third-Party Defendant. Plaintiff NuStar Energy Services, Inc. ("NuStar") has filed before this Court a Motion to Dismiss ING Bank N.V.'s Counter-Claims/Cross-Claims. Doc. No. 35. In this action involving alleged maritime liens against the four COSCO vessels, NuStar argues that interpleader is inappropriate and that ING Bank is not a proper party to this case. After considering the submissions of the parties and the applicable law, the Court concludes that the requirements for a Rule 22 interpleader have been met and the motion should be denied.

I. BACKGROUND

In 2014, the owners of the four COSCO vessels—the COSCO Auckland, the COSCO Haifa, the COSCO Venice, and the Tian Bao He—submitted orders for fuel bunkers to COSCO Petroleum Ptd. Ltd. ("Petroleum"). Petroleum appointed Chimbusco Americas, Inc. ("Chimbusco") as its agent to procure the bunkers for the vessel owners. Chimbusco then contracted with O.W. Bunker Far East (Singapore) Pte. Ltd. ("O.W. Far East"), which in turn

1

contracted with O.W. Bunker USA, Inc. ("O.W. USA"), for the requested bunkers. Finally, O.W. USA contracted with NuStar to physically supply the bunkers to the COSCO vessels. NuStar supplied the bunkers directly to the COSCO vessels, fulfilling its obligations under the contract between NuStar and O.W. USA. The chief engineer for each vessel accepted and signed for the deliveries.

After NuStar delivered the bunkers, however, members of the O.W. Bunker group—including O.W. Far East and O.W. USA—filed voluntary petitions in the U.S. Bankruptcy Court for the District of Connecticut, and O.W. USA notified NuStar that it did not intend to make any of the payments due under the sales contracts. Doc. No. 22 at 13; Doc. No. 45 at 4. NuStar is a party in interest in the bankruptcy proceedings. Two of the COSCO vessel owners—the owner of COSCO Auckland and the owner of Tian Bao He—have received invoices from O.W. Far East for the bunker deliveries, but none of the owners has made payments to any party. Doc. No. 13 at 11-13.

Before filing this lawsuit, NuStar and the COSCO vessel owners reached an agreement whereby NuStar would refrain from arresting the vessels, and the COSCO vessels' authorized agent, Chimbusco, would deposit the disputed funds—totaling $2,690,804.70—into an escrow account. Doc. No. 1-1 at 2-3. NuStar then filed this lawsuit *in rem*. NuStar asserts that it has a maritime lien against each vessel under 46 U.S.C. § 31301 *et seq*., and it brings this action to recover the value of the fuel it delivered. It is undisputed that NuStar delivered the fuel bunkers to the COSCO vessels, and that those bunkers are "necessaries" under 46 U.S.C. § 31342; however, the parties disagree as to whether or not the bunkers were provided to the vessels "on the order of the owner[s] or [] person[s] authorized by the owner[s]."

In its Answer and Third Party Complaint, the COSCO vessels assert a claim for interpleader relief under Federal Rule of Civil Procedure 22 and name the O.W. entities and ING Bank as counter-defendants. Doc. No. 13 ¶¶ 54-57, 91. The COSCO vessels also claim to have satisfied the requirements of the Federal Interpleader Act, 28 U.S.C. § 1335, and they assert that the funds in escrow satisfy the bond requirements under that Act. Doc. No. 13 ¶ 94.

ING Bank asserts that it is a secured party as to assets of the bankruptcy debtors. Doc. No. 45 at 4, 7. In its Answer to the Counterclaim and Third Party Complaint, however, O.W. USA denies "that ING is a third-party beneficiary of the Bunker supply at issue and assignee of the Debtors' receivables." Doc. No. 27 at 5.

In its Motion to Dismiss ING Bank's Counter-Claims/Cross Claims, NuStar asserts that the interpleader is invalid because, under the security agreement between NuStar and COSCO, the funds in escrow can be paid only to NuStar, if indeed NuStar is found to hold a maritime lien against the vessels. ING Bank argues that the interpleader is proper because ING Bank and NuStar have competing claims for payments on the same bunker deliveries, exposing the COSCO vessel owners to multiple liability on the same obligations.

## II.   LEGAL STANDARDS

In the Fifth Circuit, "interpleader statutes and rules are liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability." *In re Bohart,* 743 F.2d 313, 325 (5th Cir. 1984) (internal quotation marks omitted). Federal Rule of Civil Procedure 22 provides:

> "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> (B) the plaintiff denies liability in whole or in part to any or all of the claimants.

> . . . A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim. . . . This rule supplements—and does not limit—the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to—and does not supersede or limit—the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules."

Fed. R. Civ. P. 22.

The interpleader statute, 28 U.S.C. § 1335, requires the party facing multiple adverse claims to deposit the disputed funds into the registry of the court. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976). As the COSCO vessels have not done so, this interpleader may proceed only under Rule 22, which does not require a deposit. *Id*.

Although Rule 22 does not necessarily require that a discrete stake or fund be at issue, "even under rule interpleader the threat of multiple litigation must arise from some single obligation of the plaintiff to one or more competing claimants." 21 Fed. Proc., L. Ed. § 49:2. "[A] prerequisite for permitting interpleader is that two or more claimants must be 'adverse' to each other. The requirement that the claims as to which interpleader is sought be adverse to each other is not met when the 'stakeholder' may be liable to both claimants. Thus, the protection against 'double or multiple liability' provided by Rule 22 is protection only against double or multiple liability that is unjustifiable because the plaintiff has but a single obligation." *Bradley v. Kochenash*, 44 F.3d 166, 168 (2d Cir. 1995) (internal quotation marks and citations omitted). In other words, if a party could, "as a matter of theory, justifiably be found liable to both sets" of claimants, the interpleader complaint is improper and should be dismissed. *Bradley v. Kochenash,* 44 F.3d 166, 168-69 (2d Cir. 1995).

**III.   ANALYSIS**

The COSCO vessels each face competing claims to a maritime lien—by NuStar, O.W. USA, and ING Bank, on behalf of O.W. Far East—based upon the delivery of the same bunkers.

4

These claims arise from a single obligation: the obligation of the vessels to pay for the fuel they received. That NuStar has secured its claims, and its claims alone, with the escrowed funds has little bearing on the issues here. ING Bank does not claim a right to those particular funds, but to the underlying liens themselves. It is not necessary for ING Bank to have standing to assert a claim against the escrowed funds in order for ING Bank to be a proper party in this interpleader; it is enough that its claims are adverse to NuStar's, and that, with regard to the maritime liens, the COSCO vessels could not "justifiably be found liable" to both parties. At this point in the proceedings, the Court need not decide which claims are meritorious. *See Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, LLC*, 782 F.3d 186, 194 (2015). The competing claims have been made, and this interpleader is the proper method of resolving them.

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that the pending interpleader action is consistent with Rule 22. The Motion to Dismiss ING Bank N.V.'s Counter-Claims/Cross-Claims is **DENIED**.

**IT IS SO ORDERED.**

Signed this 26th day of October, 2015.

_Keith P. Ellison_
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE